Good morning, Your Honors. May it please the Court. First, I want to thank the Court for agreeing to hear oral argument in this matter. This is a complex case. A number of the elements, we believe all of the important elements were spelled out in the briefs. I don't intend to be here to re-argue those. I'm here to answer some questions. And as I said in my request for oral argument, to attempt to tie the facts of this case together. My problem is timeliness of the notice of appeal. I understand. Okay. There are two ways to approach it, one of which appears to be virtually closed door. I don't think that the Tabron case or Becker, Your Honor, are prepared to go so far as to say that the absolute closing date of the extra 30 days after the 30-day motion to appeal is capable of being set aside. Although they did, the Court did say in the Tabron-Taylor case where the attorney was applying late in San Francisco for some fees, they didn't even discuss how far beyond the 14-day limit he was. It's not an analogy precisely because in some respects the filing of a notice of appeal can be jurisdictional. That's why in characterizing our motion, it is for the functional equivalent. And I don't want the Court, as the Attorney General apparently was, to be misled by the notation on the motion before the district court to allow an extension. It's one of those check-the-box situations, Your Honor, that we found ourselves in on the notice to appeal itself. There wasn't a way for us to register with the ECF for anything but a notice of motion to extend. That's how it would need to be characterized. We did call it that in the name for the pleadings, but in the first paragraph of the notice and in section 3 of the arguments, we address fundamentally the notion of functional equivalent. That's where I think the Tabron cases and Becker join with this case, which is if you look at a notice of appeal of getting actual notice of the fact of an intention on the part of a party to appeal a ruling of a district court, we have met the criteria. We didn't meet them mechanically in all respects, but we met them the best way we know how, particularly in light of the restrictions of the ECF. There are provisions in the ECF, Rule 9 of the ECF rules, which state that in the event that should technical failure prevent timely electronic filing of any document, the filing party should preserve documentation of the failure and may seek relief from the court. That's just what we did. The Attorney General chooses to characterize the copy that went to Judge Wilken's chambers as a courtesy copy. Call it what you will, it was our reaction to facing the closed and locked door of the ECF, which was created itself by the district court in determining that the case would be marked, warning, case closed. The system was not capable of accepting what we wanted to. We talked with the clerk. We tried to find ways around it. Our office was in a turmoil that afternoon when we found out that we weren't getting an instantaneous reaction from the ECF. That's one of the reasons we sent the clerk. Can you file a piece of paper in the clerk's office? Pardon me? Can you file a piece of paper in the clerk's office? Yes, you can, Your Honor. Okay. So you're not restricted to the ECF, to the electronic thing. Well, all the things. You could go down with a piece of paper marked, notice of motion for whatever you want to mark it, and bring it in, right? That's correct, Your Honor. After that, they put it on ECF. We were, we were. And then if they screw up, it's not your fault, right? That's correct, Your Honor. It's more akin to us going up to the door of the clerk's office and having it locked. We conceded that we could have done that. And when we found that the ECF was inoperative, and this is drummed into our heads, everything you do must be on ECF, we went that extra measure. We delivered, physically delivered, a piece of paper by express mail on the 21st of May to a clerk of the court. That is Judge Wilson's, Wilkins' clerk. Why didn't you do it to the clerk? Because the message that my secretary, and I was there every minute of this, got from the clerk's office was keep filing with ECF. Keep hammering away at the system. Find a way. Check a box. Do something that will let you into the system. Never for once said, well, you're up against loggerheads. You better get down here with your four copies and your filing fee. We considered those. You might have figured it out. Pardon me? You could have figured that out. Well, we could have, but in the face of, and we did eventually, Your Honor, but in  we feel that we satisfy the jurisdictional requirements. There is no evidence that we didn't intend to appeal, that we didn't act within the time that we were required to act, that the face of the notice of appeal did not contain all of the elements necessary, and that it was delivered to the court. The rest of it ---- Could you send a copy of it to the other side? My understanding is that we did, Your Honor. I don't have that in the record, but that's our typical practice. You say there's nothing in the record. Now, you sent it to FedEx. You say it to Judge Wilkins' chambers. How did you send it to the other chambers? You said you sent it to your adversary, the other counsel. I'm not aware of that, Your Honor. I presume that it went out by mail. I note that the Attorney General never made a point of that, that they weren't served with it. We did not brief it because we didn't know it was an issue, and the only presumption I can make is that we did serve it by mail, as we always do. But there's nothing in the record one way or the other? There is not, Your Honor. Okay. Going on, and I'd like to reserve some time for rebuttal. There is nothing about the fact of the filing that is a jurisdictional defect. It may be a procedural defect. We might be subject to late fees or getting the filing in. We actually expected, Your Honor, as is the case in appeals from State court, that you file your notice of appeal, and then the next thing that happens is you hear from the appellate court. Now, at what point did you realize you were in trouble, or at least this might be a difficulty? It was on July 2nd, Your Honor, in a calendar review, when we kept noticing that, not kept noticing, but we had gotten nothing back on the day that we filed it. We did not file a receipt, see a receipt on the ECF. That's the point at which my secretary picked up the phone and called the clerk's office and said, try, try, try again. And that's the point at which we implemented the physical notice to the court. So it was on July 2nd that we noticed there wasn't anything. Okay. But now I guess I've got a slightly different question. Tell me. At what point did you realize that this procedure might have been problematic, as to say sending it to Judge Wilkin rather than to the clerk of the court, or in the electronic filing not accepting it? The reason I'm asking this is you file what looks like an untimely motion for an extension of time. The rules allow, you know, it's set up in such a way that if you have trouble, you can file for an extension of time, but you have 30 days in which to do it. That's correct. And you didn't do it within 30 days. That's right. Now, I'm explaining that by saying that we had filed close to the first 30th day. We then were waiting for an acknowledgment from what we thought would be the circuit court on the receipt of our notice of motion. A month passed by, July 2nd, on the middle of our monthly case review. That was over the July 4th weekend, but just before it, that we reviewed the case and determined that there might be a problem that required some recourse. And that's why we filed the motion. But I hope the Court is not confused about why we called it a motion for an extension of time. That was the only procedure that was available to us. It may have been called a non-protunct, but when you go into ECF or talk with the clerk's office, as we always do in these instances, there is no check the box that exactly fit what we were trying to do, which was to establish that the earlier filing was effective. Okay. Why don't you save some time. We'll hear from the other side, and then we'll make sure you have a chance to respond.  Thank you. Good morning. May it please the Court. Ross Moody for John Chung, the Comptroller of the State of California. Is that how Mr. ---- I've always seen the names. I've never been sure how to pronounce it. Not Chang. It's Chung? Chung. Often mispronounced. Okay. Yes. You know, I feel like our brief lays out our position pretty clearly. But there is one question asked by the bench today. Did they serve opposing counsel with the notice of appeal that was sent to the courtesy copy sent to the clerk? And the answer is no. And that is a point that I make in my brief at page 3. Now, there's a difference between serve and send. Are you saying nothing was ever sent, or are you only saying nothing was ever served? I'm saying that we never received a notice of appeal. And I think the reason is because it was a courtesy copy, and they believed that they had filed via ECF and I had received my copy via e-mail. If you look at the record, they do not claim that they served us. There are declarations from the secretary who performed the filing, and they never say that that was something that they served on us. So I think it clearly was just a courtesy copy to Chambers. Did you have any knowledge whatsoever that they were attempting to appeal? None. Not until early July when Mr. Georgeson called me and asked me if I would stipulate to late filing of a notice of appeal. I had calendared the date for the filing of a notice of appeal. I had contacted my client and told him the case was over. They weren't appealing. And I got this call out of the blue, and it was quite late. And, you know, Rule 4 is pretty forgiving. You get 30 days, and then you get another 30 days if you have an issue. And I, you know, I would suggest that in circumstances where you're on the phone with a clerk and you're having all sorts of trouble with ECF, that one follow-up phone call the next week would have solved the problem. But, you know, our position is that it's jurisdictional. And I, you know, the fact that there's a pick list on ECF doesn't mean that you have to style your motion as an extension of time to file a notice of appeal. That's what he did. And he was 17 days too late for that. And the cases of this circuit are very clear that the district court doesn't have jurisdiction to grant such a motion after the 30 days has run. So I'm prepared to answer other questions. But other than that, I'm prepared to submit on my behalf. Roberts. No, I think no questions. Thank you. Thank you. Your Honors, we did make follow-up calls. We made them that day. The initial effort in our office to say that day, what does it mean? Which day is that day? That day would be the 20th of May, on the date that we made the attempt and we have the electronic signature of an attempt to go into ECF. We were locked out. I'd like to speak to that procedural anomaly. But wait a minute.  That day. But that's when you were having the problem. Yes. Did you make any? I think I know the answer, but I'll ask it anyway. Did you make any follow-up calls to see whether you had taken care of the problem? As you say, the next week, you didn't call the clerk's office and say, you know, here's what we did. Is that a sufficient filing of a notice of appeal? Yes. You didn't do that. We did not, Your Honor. We relied on the ECF. Your Honor. The ECF that had locked you out. Pardon me? The ECF that seems to have locked you out. Yes, it did. So how could you have relied on that? It only became apparent to us the lockout was effective when we tried to use it on the 20th, which is why on the 20th by Federal Express we made the delivery to the court and went to the clerk to try and get around the defects of the ECF. The ECF is there to implement. I don't want to belabor the point because I'm trying to find a way. It's an annoyance to everybody if an appeal that is sought in good faith can't be heard on the merits. I mean, you know, district judges make mistakes. Appeals should be allowed, blah, blah, blah. So just to have a technical filing requirement stand in the way of that is difficult. So I'm trying to help you get around it, but I'm having trouble. So you call the clerk's office. You're being locked out of the ECF system. The clerk's office suggests that you send a hard copy, a letter, but you don't send it to the clerk's office. You send it to Judge Wilkins' chambers. I'm sorry. I don't mean to interrupt, but I would just like to correct that point, Your Honor, which is the clerk didn't say send a hard copy. I may have misspoken or misinterpreted. What the clerk said was keep hammering your head against that wall called ECF. It was our decision in the failure of that attempt to actually physically deliver a notice to the court. Could we have gone back and looked at other rules and walked down with all our copies in our filing feed? Yes. But you never got any confirmation back from the clerk's office that your attempted electronic filing had succeeded. I mean, you yourself were saying we were beating our head against the wall. That's correct. But several days later, we got back a receipt saying that our hard copy had been received at 940 in the morning on the 21st of May in Judge Wilkins' office. Yes, but that's not the clerk's office. Well, she is – that's why I'm calling it a substantial equivalent, Your Honor, because she is a clerk's office. We were shut out of the ECF. We did not know that we should storm the gates and go down to the – to the clerk's office based on the information that was available to us and based on the fact that we were driven by the ECF requirements that filings be under ECF. We didn't know if it was an anomaly. The ECF shuts down from time to time. They have problems with it all the time. We just hope we're not being turned into hamburger by this tube called ECF, which is supposed to implement the – It's supposed to make your life easier, of course. It's supposed to. And it was entirely frustrating in that regard, Your Honor. Okay. Thank you. Any further questions from the bench? Okay. Thank both sides for your argument. Pettit v. Chung now submitted for decision.
judges: Duffy, Noonan, Fletcher W.